AMERICAN CONST. CO. v. CASWELL et al.†

(Court of Civil Appeals of Texas. Austin. Nov. 15, 1911. Rehearing Denied Dec. 20, 1911.)

1. DAMAGES (§ 40*) — ELEMENTS — LOSS OF PROFITS.

Loss of profits of an established business when properly proven are allowable as an element of damages.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 72–88; Dec. Dig. § 40.*]

2. DAMAGES (§ 190*) — EVIDENCE — WEIGHT AND SUFFICIENCY—LOSS OF PROFITS.

While loss of profits alleged as an element of damages cannot be recovered unless the amount be shown by competent evidence with reasonable certainty, and where profits are merely speculative and conjectural, and cannot be ascertained with reasonable certainty, no allowance therefor can be made, yet the amount need not be reduced to an-exact calculation before recovery can be had.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 513; Dec. Dig. § 190.*]

3. MUNICIPAL CORPORATIONS (§ 671*)—OBSTRUCTION OF STREET—ACTION FOR DAMAGES—SPECIAL DAMAGES.

While injuries suffered by the unlawful obstruction of a street which are common to the public are not recoverable at the suit of an individual, and it is not enough that a party has suffered more damages than others, but it must be of a different character from that sustained by the public, loss of profits of an established business from the wrongful obstruction of a street is a damage peculiar to the person so injured, even though there are others similarly situated who may be damaged in the same way.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1447; Dec. Dig. § 671.*]

4. EVIDENCE (§ 474*)—OPINION EVIDENCE— CONCLUSIONS AND MATTERS OF OPINION— CAUSE AND EFFECT—LOSS OF BUSINESS.

In an action against a contractor for damages to plaintiff's business from an unlawful obstruction of the side of the street on which plaintiff's place of business was located, the opinions of nonexpert witnesses who had testified as to the facts on which they based their opinions that the effect was to turn travel from the front of plaintiff's place of business whereby his trade was diminished, were admissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2219; Dec. Dig. § 474.*]

5. APPEAL AND ERROR (§ 1050*)—HARMLESS ERROR—ADMISSION OF EVIDENCE.

The admission of the opinions of nonexpert witnesses, based on facts as to which they had testified fully, as to the effect on plaintiff's business by an obstruction in the street, was not reversible error, where the jury could not have reasonably come to a different conclusion from such facts.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4153–4160; Dec. Dig. § 1050.*]

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes
† Writ of error pending before Supreme Court.

**6. DAMAGES (§ 190*) — EVIDENCE—LOSS OF PROFITS.**

In an action against a contractor for damages to an established business from an unlawful obstruction of the street, proof as to the loss of gross profits, and further proof that loss in the gross profits was the loss in the net profits since the expenses were the same, is sufficiently certain as a basis for a verdict allowing loss of profits as an element of damages.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 513; Dec. Dig. § 190.*]

**7. DAMAGES (§ 137*) — EXCESSIVE DAMAGES—LOSS OF PROFITS.**

Where the evidence in an action for damages from the obstruction of a street was that plaintiff's sales in a certain time amounted to $8,400, and that compared with the preceding year the business in a certain time increased 27 per cent., and that but for such obstruction business would have increased 27 per cent., so that the business for the period of the obstruction would amount to $10,700 while actual business during that period showed a loss of $3,600, and that his profits were 40 per cent. or equivalent to $1,415, held, that a judgment for $1,250 was not excessive.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 399; Dec. Dig. § 137.*]

**8. TRIAL (§ 252*) — INSTRUCTIONS—CONFORMITY TO EVIDENCE.**

Where it appeared, in an action for damages to business from an unlawful obstruction of a street, that the lawful use of one-third of the street for building operations carried on opposite to plaintiff's place of business had not decreased his business, a charge ignoring the fact that defendant had a right to use one-third of the street, and not instructing the jury in the event of finding for the plaintiff to deduct from plaintiff's loss of profits the amount that he would have lost by reason of the use of one-third of the street, is not erroneous, since there was no evidence on which it could be based.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 596–612; Dec. Dig. § 252.*]

**9. TRIAL (§ 194*) — INSTRUCTIONS — WEIGHT OF EVIDENCE.**

A charge in an action for damages to business from the obstruction of a street, stating the allegations of the plaintiff as to the conditions from which he claims to have suffered damages, is not objectionable as a charge upon the weight of the evidence.

[Ed. Note.—For other cases, see Trial, Dec. Dig. § 194.*]

**10. MUNICIPAL CORPORATIONS (§ 671*) — USE OF STREETS—ORDINANCES.**

Under a city ordinance providing that it shall not be lawful for any person constructing a building to use or occupy more than one-third of the street, a contractor had the right to use one-third of the street for the deposit of building material, but the erection of a fence outside of such material without an ordinance of the city council authorizing it was unlawful.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1449; Dec. Dig. § 671.*]

**11. MUNICIPAL CORPORATIONS (§ 698*) — OBSTRUCTION OF STREETS — ACTION FOR DAMAGE—VERDICT.**

Under a charge in an action for damages to business from obstruction of a street by a contractor, that if "there was a reasonable necessity for the erection and maintenance of said fence and buildings by defendant company, to enable it to erect the buildings * * * and that the defendant company did not leave the street in an unsafe or dangerous condition, or that said defendant had not used it in an unreasonable manner for an unreasonable time, then you are instructed to return a verdict for the defendant," a verdict awarding the damages to the plaintiff is in effect a finding that the fence erected by defendant was either unnecessary or that it was maintained for an unreasonable length of time.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 698.*]

**12. MUNICIPAL CORPORATIONS (§ 698*) — OBSTRUCTION OF STREET—ACTION FOR DAMAGES—EVIDENCE.**

Evidence in an action for damages to business from the obstruction of a street by a contractor held to sustain a finding that a fence erected by the contractor was unnecessary.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 698.*]

**13. MUNICIPAL CORPORATIONS (§ 671*) — PROCEEDINGS BY CITY COUNCIL—ORDINANCE—VALIDITY.**

A recital in the minutes of a city council that a petition from an architect, representing a contractor, asking permission to erect a fence around a portion of the property on which a new building was to be erected, including a portion of the street and alley, with the recommendation of the board of fire commissioners that the request be granted, and that on motion the request was granted, did not constitute an ordinance, valid as a grant of the authority sought, and hence the contractor had no legal right to fence in the building materials deposited in the street, and his right was not legalized by an ordinance requiring all persons making excavations adjoining any street to fence the same, since the purpose of such ordinance was to require that the fence be built on the line of the lot and not in the street.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1449; Dec. Dig. § 671.*]

**14. EVIDENCE (§ 513*) — OPINION EVIDENCE—CONSTRUCTION OF BUILDING—EVIDENCE.**

In an action for damages from the obstruction of a street by a contractor, testimony by an expert builder that a fence such as was built was in his opinion necessary to the construction of a building, was admissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2317, 2318; Dec. Dig. § 513.*]

**15. APPEAL AND ERROR (§ 1056*) — HARMLESS ERROR—ADMISSION OF EVIDENCE.**

Error in excluding expert evidence as to the necessity of a fence erected in a street by a contractor was harmless, where such fence was unlawful without regard to its necessity.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4187–4193; Dec. Dig. § 1056.*]

Appeal from District Court, Travis County; George Calhoun, Judge.

Action by Clyde D. Caswell and others against the American Construction Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

Baker, Botts, Parker & Garwood, for appellant. Gregory, Batts & Brooks, for appellees.

JENKINS, J. Appellees brought this suit to recover from appellant damages in the

sum of $1,990, alleged to have been sustained by the erection and maintenance of a fence around the site of what is known as the Littlefield Building, being erected by appellant on a lot 69x160 feet at the corner of Congress avenue and Sixth street, in the city of Austin, Tex., and the erection of two temporary wooden buildings in said inclosure. Appellees alleged that by reason of the erection of said structures light and air were shut off from their place of business, rendering the same hot, dark, and uncomfortable, and that travel was diverted from in front of their place of business, whereby their business was greatly decreased, and they lost the profits on the goods which they would otherwise have sold. The jury returned a verdict for appellees for $1,250, and judgment was entered for that amount, from which judgment appellant has duly prosecuted an appeal.

### Findings of Fact.

Appellant was a contractor for the erection of a building on the lot described in appellees' petition. By an ordinance of the city of Austin, builders were permitted to use one-third of the street in front of the lot upon which buildings were being erected for the purpose of placing building material thereon, but there was no ordinance allowing a portion of a street to be fenced. On January 6, 1910, Page & Bro. the architects of said building, petitioned the city council to be allowed to fence one-third of Congress avenue in front of said lot and one-third of Sixth street on the side of said lot, such fence to be seven feet in height to be built of 1x10 planks. On January 29, 1910, this petition was indorsed on the back thereof: "Unanimously granted by the Fire Commissioners. [Signed] S. E. Kinney, Acting Recorder." On February 1, 1910, the city council of Austin passed a resolution granting said request. Page & Bro. in this matter were acting for appellant. On February 8th, upon petition of appellant, said city council passed a resolution granting it permission to erect two temporary wooden sheds within said inclosure, to protect its boilers, etc. About February 15, 1910, appellant erected said fence and sheds, as indicated in said petitions, and the same remained up to and including the time this case was tried in the district court of Travis county.

Congress avenue runs north and south, and is 120 feet wide. There is a double track of street railroad on said avenue. Sixth street runs east and west. There is a track of street railroad on said Sixth street. The fence extended the full length of said lot on Sixth street, up Congress avenue the width of said lot, and back to the northwest corner of same. Appellees were in the jewelry, sporting goods (guns, fishing tackle, etc.), and pawnbroking business. Their place of business was on the east side of Congress avenue, four doors north of the

Littlefield lot. By reason of said fence persons going south on the east side of said avenue and desiring to continue south on same, or east on Sixth street, were compelled to turn west after passing appellees' place of business to the northwest corner of said fence, and pass along said fence to the southwest corner of same and east on Sixth street, or diagonally across Sixth street to east side of avenue. The passageway between said fence and said street railways was about 12 feet in width. An ordinance of the city of Austin required that vehicles traveling north on the avenue should pass to the east side of the railway track, and those traveling west on Sixth street should pass to the north side of the railway track. By reason of the narrowness of the passage between said fence and railway track, there was some danger to pedestrians in traveling the same. Persons going north on the east side of the avenue, being unable to see through said fence or around the same, could not tell how far north it extended; and persons going either north or south could not, for the same reason, tell whether or not vehicles were likely to turn the corner into said passway. By reason of these facts the south breeze was shut off from plaintiffs place of business, rendering the same uncomfortable, and travel was diverted to a great extent from in front of their said place of business.

Plaintiffs were conducting a well-established business, and their trade fell off from the 1st of March to the trial of this case, September 12-16, 1910, and their losses in profits, which the evidence indicates they otherwise would have made, were equal to the amount of the judgment in their favor. This loss of trade did not arise from trade conditions; the trade in the city of Austin for 1910 being as good as it was in 1909. Nor did it arise from decrease of stock carried by appellees. In fact, the evidence indicates to a reasonable certainty that the decrease of appellees' business, and consequent loss of profits, was due solely to the obstruction of travel, caused by the erection and maintenance of said fence.

### Opinion.

The principal issue in this case is as to whether loss of profits occasioned by the erection of said fence is a proper element of damage.

[1] 1. Appellant contends that damages on account of loss of profits are not recoverable in any case. The courts of this state hold to the contrary. Railway Co. v. De Groff, 102 Tex. 440, 118 S. W. 134, 21 L. R. A. (N. S.) 749; Railway Co. v. Lackey, 12 Tex. Civ. App. 233, 33 S. W. 768; San Antonio v. Royal (Sup.) 16 S. W. 1101. Railway Co. v. De Groff was a suit to recover damages to the business of a hotel by reason of the noise and obstruction occasioned by railroad tracks and the operation of cars. In Railway Company v. Lackey, damages were allowed for

injury to a millinery business, occasioned by stopping cars in front of plaintiff's place of business. In San Antonio v. Royal damages for prospective profits in business were allowed by reason of plaintiff's being unlawfully ejected from a huckster stand. For additional authorities holding that loss of profits, when properly proven, are allowable as an element of damage, see Harvey v. Railroad Co., 90 Ga. 66, 15 S. E. 783; Goebel v. Hough, 26 Minn. 253, 2 N. W. 847; Lawson v. Price, 45 Md. 124; Shafer v. Wilson, 44 Md. 268; White v. Moseley, 8 Pick. (Mass.) 356; Oliver v. Perkins, 92 Mich. 304, 52 N. W. 609; Schiffman v. Peerless, etc., Co., 13 Cal. App. 600, 110 Pac. 460; French v. Connecticut, etc., Co., 145 Mass. 261, 14 N. E. 113; Lambert v. Haskell, 80 Cal. 611, 22 Pac. 327; Klingman v. Racine, etc., Co., 149 Iowa, 634, 128 N. W. 1109; Gagnon v. Sperry & Co., 206 Mass. 547, 92 N. E. 761; Kitchen v. Philbin, 2 Neb. (Unof.) 340, 96 N. W. 487; Burruss v. Hines, 94 Va. 413, 26 S. E. 875; Stetson v. Faxon, 19 Pick. (Mass.) 147, 31 Am. Dec. 123.

[2] 2. One reason assigned by appellant why loss of profits cannot be made the basis for damages is that the same are merely conjectural and necessarily uncertain. We do not understand that the courts of this, or of any other state, have held that loss of profits can be recovered as an element of damages, unless the amount of such lost profits be shown by competent evidence with reasonable certainty. In Railway Co. v. De Groff, supra, our Supreme Court, referring to the case of Railway Company v. Hardey, 112 Ga. 604, 37 S. E. 888, 52 L. R. A. 396, said: "The action was to recover damages against a railway company for obstructing the way by which persons usually did and would pass in going to a house on a public street, where plaintiff did business. The complaint was that the obstruction prevented persons who had and would have traded with plaintiff at that place from doing so, and thereby his business was injured. The railroad company contended that such damages were speculative and not the subject of a legal action. In cases where these elements are merely speculative and conjectural, and cannot be ascertained with reasonable certainty, no allowance should be made therefor. This does not mean that the amounts of these elements of damage should necessarily be reduced to an exact calculation before recovery could be had, but there must be sufficient data to enable a jury, with a reasonable degree of certainty and exactness, to ascertain the loss. In Chapman v. Kirby, 49 Ill. 212, it was said that in such cases we cannot expect that the precise extent of damages can be shown by demonstration, but that it is only required that they be ascertained with a reasonable degree of certainty." This is true in all cases of tort, and in many cases where damages are recoverable for breach of contract. Personal injury suits where damages are sought by reason of diminished capacity to earn wages in the future illustrate this character of cases.

[3] 3. As another reason why appellees should not be allowed to recover in this case, appellants allege that the injury suffered by them by reason of the obstruction of the street was such as was common to all. Injuries suffered by reason of the unlawful obstruction of a street which are common to the public are not recoverable at the suit of an individual. In such case, "it is not enough that a party has suffered more damages than others. It must be of a different character, special and apart from that which the public in general sustains." Stufflebeam v. Montgomery, 3 Idaho (Hasb.) 20, 26 Pac. 125. This does not mean that the complainant must necessarily be the only sufferer by reason of the wrong complained of. If several persons should fall in a ditch dug across a street and negligently left open, and each should have his leg broken by such fall, the injury suffered by each would be peculiar to him as distinguished from the inconvenience experienced by the public by reason of being temporarily unable to travel on such street. We think that loss of profits by reason of the wrongful obstruction of a street is a damage peculiar to the person thus injured, even though others similarly situated may be damaged in like manner. In Railway Co. v. De Groff, supra, the court quotes with approval from the case of Railway Co. v. Hardey, above referred to, as follows: "We think, on the contrary, that it is well established by this court that illegally obstructing and continuing to obstruct a public street, so as to prevent the customers of a merchant from getting to his store is inflicting upon him a special wrong, not shared in by the public at large, for which he is entitled to maintain an action for damages."

Appellant says that appellees had no vested right in the public travel on the obstructed street. If by this is meant that right of the public to travel on said street was no particular concern of appellees, the statement is correct, and appellees could not recover on account of the unlawful interference with such right. But appellees had a vested right to conduct their business in their store on said street; and when, as is shown by the evidence herein, their business was injured by the wrongful acts of the appellants in obstructing travel on such street such obstruction became their particular concern, not by reason of the injury inflicted upon the public, but by reason of the particular injury inflicted upon them.

4. Appellant, in support of its contention that loss of profits are not recoverable in this case, cites the cases of Liermann v. Milwaukee, 132 Wis. 628, 113 N. W. 66, 13 L. R. A. (N. S.) 253, Hohman v. Chicago, 140 Ill. 226, 29 N. E. 671, Chicago v. Spoor,

19 Ill. 340, 60 N. E. 542, and Willard v. Cambridge, 3 Allen (Mass.) 574. In Liermann v. Milwaukee, the court said: "The only damages claimed is not to an existing business or good will, but of prospective customers who might have come down the road, and who might have stopped at his shop, had it not been for the obstruction." In this case the damage claimed is as to a well-established business, and as to people who did come down the street, but who were diverted from the street in front of appellees' place of business by reason of the obstruction. In the two Chicago cases viaducts were built by the city, by reason of which travel that had theretofore stopped in front of complainants' places of business passed on in street cars over said viaducts. In these cases it was held, and we think properly so, that diminution of business, occasioned by increased facilities for travel did not constitute a proper basis for damages. The case is analogous to that of the decrease in value of inside residence property by reason of the construction of suburban street railways. In Wilard v. Cambridge, supra, it was held that plaintiff could not recover damages for loss of business occasioned by the taking up of a bridge, whereby travel to his place of business was obstructed for 16 days.

All the cases cited may be differentiated from this case in that in those cases the obstruction was lawful. That this is true is shown by the conclusion reached in Stetson v. Faxon, supra, decided by the same court (Supreme Court of Massachusetts) that decided Willard v. Cambridge, supra. In Stetson v. Faxon, which is a well-considered case, wherein many cases, both English and American, are cited, it was held that plaintiff was entitled to recover damages for loss of business occasioned by building a house, which projected thirty-six feet in the street, whereby travel was cut off from plaintiff's place of business.

5. [4] Appellant assigns as error the action of the court in permitting witnesses to state that, in their opinion, the effect of erecting and maintaining said fence was to turn travel from in front of appellees' place of business, whereby their trade was diminished. It is true, as a general proposition, that witnesses must state the facts and not their opinions. The exceptions to this rule are not confined to expert testimony. A nonexpert witness who states the facts upon which he bases his opinion, and thereby shows himself capable of having an opinion on the subject, may, in many instances, be permitted to state his opinion as drawn from the facts stated by him. Railway Co. v. Klaus, 64 Tex. 293; Railway v. John, 9 Tex. Civ. App. 342; 29 S. W. 558; Railway v. Daniels, 9 Tex. Civ. App. 253, 28 S. W. 548, 711; Railway v. Haskell, 4 Tex. Civ. App. 550, 23 S. W. 546; 17 Cyc. p. 99. "The opinions of such persons upon a question of this description, although possessing no peculiar skill upon the subject, would ordinarily be more satisfactory to the minds of the triers than those of scientific men who were personally acquainted with the facts of the case, and, to preclude them from giving their opinions upon the subject in connection with the facts testified to by them, would be too close an ordinary and important avenue of truth." Porter v. Manuf. Co., 17 Conn. 249.

Each of the witnesses in this case testified that he had long been familiar with business conditions on Congress avenue and with the travel on said street; that he knew the manner of the construction of said fence, the width of the passage left between the fence and the street railway, and that he had observed from time to time the amount of travel on the east side of said avenue in front of appellee's place of business, as compared with the travel in front of the block on the opposite side of the street, during the time inquired about. Each of them testified to having frequently passed between said fence and said street railway, and on many occasions having met vehicles in said passageway, and some of them stated that they had barely escaped being injured by such vehicles. Each of them testified that he had observed that persons traveling north on the east side of said avenue south of the block in which plaintiffs' place of business was situated crossed the avenue to the west side, instead of going through said passage and back to the east side in front of appellees' place of business. One of said witnesses, who was one of the appellees, testified that he had stood on the corner of the block opposite from time to time and had counted the number of persons who crossed to the west side of the avenue, and that more than half of the travel going north on the east side of the avenue crossed the same at Sixth street to the west side.

6. [5] It was not reversible error, to say the least of it, to allow the witness referred to in the preceding paragraph of this opinion to state that, in their opinion, the effect of said fence was to divert travel from in front of appellees' place of business, for the reason that from the facts stated by them, assuming the same to be true, the jury must necessarily have arrived at the same conclusion. Smith v. Eckford (Sup.) 18 S. W. 210; 17 Cyc. p. 60.

7. [6] Appellant insists that the judgment in this case should be reversed, for the reason that there was no evidence from which the jury were authorized to find the amount of damage suffered by appellees by reason of the fence and buildings complained of. We think the evidence in this case was sufficient as a basis for the verdict of the jury, as shown by the findings of fact herein. The authorities hereinbefore cited upon the proposition that loss of profits, when properly proven, is recoverable in damages, sustain

the verdict in this case in so far as it involves the certainty of the amount of such lost profits. Appellant says in this connection that the proof was only as to the loss of gross profits, and that if appellees were entitled to recover anything on account of the loss of business, it was only for the net profits. This is a correct proposition of law, and, abstractly speaking, is a correct statement of the fact with reference to said evidence, but the evidence further shows that the gross profits lost were also net profits, in that appellees, during said time, were conducting said business at the same expense that they would have incurred had their trade not been diverted—that is to say, they paid the same amount of rents, clerk hire, and advertising, and did the same amount of work themselves that they would have done during said period had said fence not been erected. .

8. [7] Appellant contends that the amount of the judgment rendered in this case is excessive. The evidence on this point is that from March 1 to September 10, 1909, appellees' sales amounted to $8,436.30; for the months of January and February their business increased over their business for the same months in the previous year 27 per cent. This is accounted for by the fact that they had very materially increased their stock. The proof as to business conditions in Austin indicates that their business, but for such obstruction, should have increased to this extent from March to September, 1910, over the like period in 1909. If so, during said period their business should have amounted to $10,714.10. It was in fact during this period in 1910, $7,070.45, showing a loss in business of $3,643.65. The evidence is that their profits were 40 per cent. This would have entitled them to a judgment for $1,457.46. The judgment in this case was for $1,250, for which reason we overrule appellant's assignment as to the amount of the judgment.

9. [8] Appellant assigns as error the fourth paragraph of the charge of the court for that under said charge the appellees were entitled to recover the whole of their loss of profits by reason of the erection of said fence, and ignores the fact of appellant's right to use one-third of the street abutting on the building site; and does not instruct the jury that in the event they found for plaintiff by reason of the loss of profits, to deduct from the same the amount that they would have lost by reason of the use of one-third of said street for building materials. Had appellant desired a charge as to this matter, we think it was its duty to have requested the same, which was not done. There was no evidence in the case upon which such a charge could have been predicated. The only evidence in this regard was that of appellees' witnesses who stated that during the months of January and February, when the old buildings on said lots were being torn down, their busi-

ness was not decreased, but, on the contrary, increased; and also that during the same period for which damages are claimed herein a building similar to the one being erected on the Littlefield lot was being erected diagonally across the street on the Scarborough lot; that the material for the erection of the Scarborough building was deposited in the street in front of the same, but not fenced. and that during said time the travel on the west side of the street and in front of said Scarborough building was not diminished.

[9] We do not think that said paragraph of the court's charge is subject to the criticism that it is upon the weight of the evidence by reason of the fact that it states the allegations of the plaintiffs as to conditions from which they claimed they suffered damages.

10. Appellant assigns error upon the eighth paragraph of the court's charge for the reason alleged by it that the same, in effect, advises the jury that the deposit by defendant of building materials in the streets of the city of Austin was not sanctioned by express municipal authority. The charge complained of does not so instruct the jury, but, on the contrary, is more liberal than appellant was entitled to in that the court instructed the jury that the obstruction was not necessarily illegal, even though not sanctioned by express municipal authority. The court in said paragraph of its charge instructed the jury that if they found "from a preponderance of the evidence that there was a reasonable necessity for the erection and maintenance of said fence and buildings by the defendant company to enable it to erect the buildings under erection on the aforesaid lots, and that the defendant company did not leave the street in an unsafe and dangerous condition, or that said defendant had not used it in an unreasonable manner for an unreasonable time, then you are instructed to return a verdict for the defendant in this case."

[10] While the appellant had the right to use one-third of the street for the deposit of building material, our Supreme Court held in the case of American Construction Co. v. Seelig, 133 S. W. 429, that it had no right to erect said fence without an ordinance of the city council of Austin to that effect; consequently the erection and maintenance of said fence was unlawful. .

[11] The effect of the verdict of the jury, under the charge above referred to, is a finding by them that the fence erected by appellant was either unnecessary, or that it was maintained for an unreasonable length of time.

[12] The evidence in the case would sustain a finding that a fence of the character erected by appellant was unnecessary. In the cases cited by appellant, wherein damages were not allowed by reason of street improvements and temporary diversion of travel, the work being done was by lawful au-

thority; that is, it was being conducted by the city itself, and for that reason such decisions are not applicable to this case, wherein the obstruction was unlawful.

[13] For the reasons herein stated, the court did not err in refusing to give special instruction No. 2, requested by the appellant, to the effect that appellant had the legal right to fence off and inclose its building material with a fence reasonably sufficient to protect the public from injury therefrom. Appellants invoke an ordinance of the city of Austin which requires all persons making excavations adjoining any street, to fence the same with a fence at least three feet in height. This ordinance was passed upon in the Seelig Case as not rendering lawful the fencing of a portion of the street. It is the. evident purpose of said ordinance to require that the fence be built on the line of the lot where the excavation is made, and not in the street.

[14, 15] 11. Witness Moore was permitted to testify, over appellant's objection, that a fence of the character involved in this suit was not, in his opinion, necessary to the construction of the building being erected. Said witness testified as an expert builder, and for that reason it was not error to allow him to give his opinion; but such error in any event would have been harmless, inasmuch as said fence was unlawful, without regard to its being necessary for the purposes claimed by appellant.

For further statement of our views on the issues here involved, see opinion in case of American Construction Co. v. Davis, 141 S. W. 1013, this day decided.

For the reasons herein stated, the judgment of the trial court in this case is affirmed.

Affirmed.