The CITY OF AUSTIN, Appellant,

v.

The AVENUE CORPORATION, Appellee.

No. 14280.

Court of Appeals of Texas, Austin.

Feb. 6, 1985.

Rehearing Denied Feb. 27, 1985.

Mary A. Keeney, John F. Morehead, Daugherty, Kuperman, Golden & Morehead, Austin, for appellant.

Susan Vincent McClish, John McClish, Roberts, Womack, Weldon & McClish, Austin, for appellee.

Before POWERS, GAMMAGE and CARROLL, JJ.

CARROLL, Justice.

The City of Austin appeals from the judgment of the trial court awarding appellee, The Avenue Corporation, $82,660.00 as damages in an inverse condemnation cause of action. We will affirm the judgment of the trial court.

During 1982 and continuing through a part of 1983, the City of Austin undertook the Congress Avenue Reconstruction project, which involved the upgrading of street and sidewalk conditions along the length of Congress Avenue in downtown Austin. During a nine and one-half month period from October 17, 1982, through July 31, 1983, The Avenue Corporation claimed that the construction project substantially affected its restaurant business. Thereafter, The Avenue Corporation brought suit to recover lost profits due to alleged inverse condemnation resulting from the construction work done in front of its restaurant business located on Congress Avenue.

The Avenue Corporation sought recovery based on a claimed material and substantial impairment of its right of access as a result of the construction work. This claim was based on temporary impairment of access only, as no claims were made of any permanent taking of property, or of any perma-

nent impairment of access to the business. The City of Austin defended, contesting the extent of the impairment of access, as well as the evidence supporting lost profits.

The trial court found that there had been an inverse condemnation as a matter of law, and submitted a special issue to the jury inquiring as to the extent of damages, if any, resulting from the inverse condemnation. The jury awarded the plaintiff damages in the amount of $82,660.00 as lost profits.

The City of Austin complains in its first and second points of error that the trial court erred in its apparent finding of material and substantial impairment of access to the plaintiff's place of business, resulting in an inverse condemnation of The Avenue Corporation's property as a matter of law. According to the City, although access to the property was somewhat restricted by the construction, such restriction did not constitute inverse condemnation.

■■■ Inverse condemnation is an indirect governmental taking of one's property, although the governmental entity's eminent domain power has not been exercised. *Hubler v. City of Corpus Christi,* 564 S.W.2d 816 (Tex.Civ.App.1978, writ ref'd n.r.e.). A direct physical invasion of property is not required under the provisions of the Texas Constitution dealing with eminent domain. Rather, dimunition in value of property resulting from loss of access may constitute damage within the relevant constitutional provisions so that no person's property shall be taken, damaged, destroyed, or applied to public use without adequate compensation. Tex. Const.Ann. art. I, § 17 (1955); *Dupuy v. City of Waco,* 396 S.W.2d 103 (Tex.1965).

■■■ Whether access rights have been so impaired as to constitute damage to property for public use under the eminent domain section of the constitution is a question of law to be decided by the trial court prior to submitting any question of damages to the jury. *Dupuy, supra.* An action for damages will lie even where *all* reasonable access has not been disrupted if access is materially and substantially impaired. *City of Waco v. Texland Corporation,* 446 S.W.2d 1 (Tex.1969).

The Avenue Corporation presented testimony that the restaurant had suffered a loss of 8,200 customers due to the construction. Additionally, The Avenue Corporation presented as witnesses customers and owners of other businesses in the area who testified to the substantial impairment of the restaurant's access and the discomfort in dining created by the dust and noise generated by the City's construction.

■■■ It is apparent from a review of this evidence that the trial court had sufficient basis to make its determination as a matter of law that there was material and substantial impairment of the restaurant's access and that inverse condemnation had occurred. Accordingly, the City's first two points of error are overruled.

The City contends in its third and fourth points of error that the jury's finding of damages in the amount of $82,660.00 was not supported by the evidence. The evidence introduced by The Avenue Corporation at trial showed $120,270.00 in lost profits during the nine and one-half months of construction. The City attacks on appeal the method of proof regarding lost profits used by the restaurant, citing *Southwest Battery Corporation v. Owen,* 131 Tex. 423, 115 S.W.2d 1097 (1938) and *White v. Southwestern Bell Telephone, Inc.,* 651 S.W.2d 260 (Tex.1983).

■■■ The City maintains that these cases set out the sort of proof which must be shown in proving lost profits. However, as there was no objection made to the evidence when offered, the City has failed to preserve any error in the consideration by the jury of the plaintiff's evidence. *PGP Gas Products, Inc. v. Fariss,* 620 S.W.2d 559 (Tex.1981); Rule 103, Texas Rules of Evidence (Supp.1984). Consequently, the City's third and fourth points of error are also overruled.

■■■ Finally, The Avenue Corporation asserts in its only crosspoint of error that it was entitled to recover pre-judgment interest as damages. At the conclusion of the

trial, after the jury had made its finding regarding damages, The Avenue Corporation sought to recover as additional damages pre-judgment interest on the entire amount of damages from October 17, 1982, the beginning of the construction project. The trial court refused to award such pre-judgment interest, concluding that The Avenue Corporation had no pleadings in the trial court to support an award of pre-judgment interest; that damages were not established as of a definite time, so that there was no way for the court to set the date from which the interest should commence to run; and that the amount of damages sought by The Avenue Corporation was not definitely determinable. We agree.

■ The plaintiff's third amended original petition (on which it went to trial) contained no prayer for pre-judgment interest. While pre-judgment interest which is based on a written contract and which is recoverable by a statute may be sought under a simple prayer for general relief, a plaintiff seeking recovery of pre-judgment interest as damages must have a specific pleading and prayer. *Republic National Bank v. Northwest National Bank,* 578 S.W.2d 109 (Tex.1979); *Black Lake Pipe Line Co. v. Union Construction Co., Inc.,* 538 S.W.2d 80 (Tex.1976).

Accordingly, we affirm the judgment of the trial court.