The CITY OF AUSTIN, Petitioner,

v.

The AVENUE CORPORATION, Respondent.

No. C–4019.

Supreme Court of Texas.

Jan. 22, 1986.

Rehearing Denied March 5, 1986.

John F. Morehead, Mary A. Keeney, Daugherty, Kuperman, Golden & Morehead, Austin, for petitioner.

John N. McClish, Susan Vincent McClish, Roberts, Womack, Weldon & McClish, Austin, for respondent.

WALLACE, Justice.

This is an inverse condemnation case. The trial court found a material and substantial interference with the property owner's premises as a matter of law. A judgment was rendered for lost profits as

found by the jury. The court of appeals affirmed the judgment of the trial court. 685 S.W.2d 453. We reverse the judgment of the court of appeals and the trial court and render judgment for The City of Austin.

The City of Austin, pursuant to its police power, reconstructed the street and sidewalk in front of a restaurant operated by The Avenue Corporation. For approximately nine months, access to the restaurant was partially restricted due to the construction. It is undisputed that the construction was necessary and legally performed in a non-negligent manner.

The dispositive issue is whether a partial temporary restriction of access to a person's property by a governmental unit gives rise to inverse condemnation. Avenue's claim is founded on Article I, Section 17 of the Texas Constitution which provides in pertinent part:

No person's property shall be taken, damaged or destroyed or applied to public use without adequate compensation being made, unless by consent of such person; ...

Facts which constitute a taking, damaging or destroying have been considered by the courts of this state on a number of occasions. Those cases may be divided into three categories: (1) those in which there was a total restriction of access for either a temporary or a permanent period of time; (2) those in which there was a partial restriction of access for a temporary period of time; and (3) those in which the activity causing the restriction of access was illegal, unreasonable or unnecessary.

In *Hart Brothers v. Dallas County*, 279 S.W. 1111 (Tex.Comm'n App.1926, judgment adopted) this court considered a fact situation where the county, in building an approach to a bridge, had *totally* restricted access to the Hart Brothers Wagon Yard for a considerable period of time. This court awarded damages for lost profits. The *Hart Brothers'* opinion cited *American Construction Co. v. Caswell*, 141 S.W. 1013 (Tex.Civ.App.—Austin 1911, writ ref'd). In *Caswell*, the court of appeals affirmed a jury verdict for lost profits. The jury failed to find that the obstruction which limited access to Caswell's store was *reasonably necessary* and that the obstruction did not leave the street in an *unsafe* or *dangerous condition.*

This court denied a claim for lost profits by a service station operator who alleged that he had lost business because of construction work on the highway in front of his business. *City of LaGrange v. Pieratt*, 142 Tex. 23, 175 S.W.2d 243 (1943). We held that the claim should have been included in the condemnation suit filed by the city to take part of the station premises for purposes of widening the highway. Avenue relies on language in *Pieratt* stating that a claim for lost profits would have been proper even though there was no contention that there was undue delay in performing the construction or that the contractor did anything unusual, unreasonable or negligent. However, when that point was directly before us, we rejected that language. *L.M.S. Inc. v. Blackwell*, 149 Tex. 348, 233 S.W.2d 286 (1950).

In *Blackwell*, we held that the operators of a restaurant could not recover lost profits resulting from the placing of temporary obstructions in the street in front of their business absent a showing that the placement of the obstruction was unreasonable or unnecessary. In so holding, the court rejected the dicta in *Pieratt* and affirmed the holding of *Caswell.* This court gave as its reasons for the *Blackwell* holding a quote from *Farrell v. Rose*, 253 N.Y. 73, 170 N.E. 498 (1930) as follows:

The inconvenience and damage which a property owner suffers from these temporary obstructions are incident to city life and must be endured. The law gives him no right to relief, recognizing that he recoups his damage in the benefit which he shares with the general public in the ultimate improvement which is being made. The law, however, does afford

him a relief, if the city or a contractor interferes with the highway without authority; or, if acting legally, prolongs the work unnecessarily or unreasonably. The obstruction of streets and highways, or the work carried on in them of a public nature, must be reasonable and necessary for the public improvement which is being made.

233 S.W.2d 289–90.

█ Our analysis of the cases cited by both City and Avenue, plus independent research, leads us to the conclusion that in order to show a material and substantial interference with access to one's property, it is necessary to show that there has been a total but temporary restriction of access; or a partial but permanent restriction of access; or a temporary limited restriction of access brought about by an illegal activity or one that is negligently performed or unduly delayed. The facts of this case do not fit into any of the above categories. Therefore Avenue cannot prevail in its suit for lost profits.

█ Although the point of error is not dispositive of the case in view of our above holding, we find it necessary to briefly discuss the question of whether City preserved for appeal its no evidence point on damages. The court of appeals held that because City did not object to the testimony of Avenue's accountant as to the amount of lost profits that City waived that point on appeal. City moved for a judgment non obstante veredicto and also filed a motion for new trial alleging that the evidence was legally insufficient to support the judgment for damages, not that the evidence was inadmissible. This was sufficient to preserve the point for purposes of appeal.

The judgment of the court of appeals and the trial court are reversed and the judgment is rendered that The Avenue Corporation take nothing.