**No. 01-14-00515-CV**

In the Court of Appeals for the
First District of Texas

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
1/14/2015 6:09:34 PM
CHRISTOPHER A. PRINE
Clerk

**KOSOCO, INC.,**

Appellant,

vs.

**METROPOLITAN TRANSIT AUTHORITY OF HARRIS COUNTY,**

Appellee.

On Appeal from Cause No. 1010709
In the County Civil Court at Law No. 4 of Harris County, Texas

# METRO'S SUPPLEMENTAL BRIEF IN RESPONSE TO THE REPLY BRIEF OF APPELLANT

Frederick D. Junkin
State Bar No. 11058030
*fredjunkin@andrewskurth.com*
Kathryn K. Ahlrich
State Bar No. 24063686
*katieahlrich@andrewskurth.com*
Andrews Kurth LLP
600 Travis Street, Suite 4200
Houston, Texas  77002
(713) 220-4200
(713) 238-7387 (Facsimile)

ATTORNEYS FOR APPELLEE
METROPOLITAN TRANSIT AUTHORITY
OF HARRIS COUNTY, TEXAS

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS ........................................................................... ii

INDEX OF AUTHORITIES...................................................................... iii

PRELIMINARY STATEMENT..................................................................1

ARGUMENT AND AUTHORITIES ...........................................................3

I.     Arguments first raised in a reply brief are waived. .........................................3

II.    The Reply Brief does not cite any relevant authority or competent evidence supporting the construction impairment argument. ........................................................................4

III.   Access to the Kosoco property was *not* materially and substantially impaired during the construction of the North Line.....................6

CONCLUSION ....................................................................................10

CERTIFICATE OF SERVICE...................................................................12

SERVICE LIST ...................................................................................12

CERTIFICATE OF COMPLIANCE .............................................................12

# INDEX OF AUTHORITIES

Page(s)

## Cases

*City of Austin v. Avenue Corp.*, 704 S.W.2d 11 (Tex. 1986).................................6, 7

*City of Waco v. Texland Corp.*, 446 S.W.2d 1 (Tex. 1969)......................................4

*County of Bexar v. Santikos*, 144 S.W.3d 455 (Tex. 2004)......................................6

*Dailey v. Dailey*, No. 01-13-00923-CV, 2014 WL 4260543 (Tex. App.–Houston [1st Dist.] Aug. 28, 2014, no pet.)..................................3

*Dallas County v. Crestview Corners Car Wash*, 370 S.W.3d 25 (Tex. App.–Dallas 2012, pet. denied) .....................................................7, 8

*Onyung v. Onyung*, No. 01-10-00519-CV, 2013 WL 3875548 (Tex. App.–Houston [1st Dist.] July 25, 2013, pet. denied) ...........................................3

*Pennysavers Oil Co. v. State*, 334 S.W.2d 546 (Tex. Civ. App.–San Antonio 1960, writ ref'd) ....................................................................10

*Priddy v. Rawson*, 282 S.W.3d 588 (Tex. App.–Houston [14th Dist.] 2009, pet. denied)...........................................................................3, 6

*State v. Bristol Hotel Asset Co.*, 293 S.W.3d 170 (Tex. 2009)................................7

*State v. Heal*, 917 S.W.2d 6 (Tex. 1996) .................................................................6

*State v. Schmidt*, 867 S.W.2d 769 (Tex. 1993)....................................................7, 10

## Rules

Tex. R. App. P. 38.1(i)...............................................................................................6

## PRELIMINARY STATEMENT

In its Reply Brief — for the first time in any filing related to METRO's Motion to Dismiss for Lack of Jurisdiction (the "Motion") — Kosoco appears to contend that the trial court had jurisdiction over its takings claim because "access to its business was materially and substantially impaired during construction" of the North Line.[1]

Kosoco did not raise this argument in its response to METRO's Motion in the trial court. The sole focus of that response was the post-construction configuration of North Main.[2]

In its initial brief in this appeal, Kosoco asserted in its Statement of the Case that there were periods of time during construction when access to its property was "totally cut off," "practically impossible," and "completely impossible for gasoline delivery trucks."[3] Kosoco also alluded to construction impacts in the portions of its brief addressing the Issues Presented.[4] None of these passages was supported by citation to the appellate record, and Kosoco did not present any authority or argument suggesting that any such impacts were sufficient to vest the trial court

---

[1] Reply Brief of Appellant 4.

[2] *See* CR 182-211 (no mention of construction impacts).

[3] Brief of Appellant 2.

[4] *Id*. 4, 11.

with jurisdiction over its takings claim. As in the trial court, the sole focus of Kosoco's argument was the post-construction configuration of North Main.[5]

To the extent Kosoco now contends that its claim should not have been dismissed because at various times the construction activities associated with the development of the North Line impacted the routes by which vehicles could access its property, the argument should be rejected for three reasons:

1. It has been waived, because it was not raised in Kosoco's initial brief;

2. Kosoco's Reply Brief does not cite any competent evidence or relevant authorities supporting the argument; and

3. Even if the Court were to consider the argument, the relevant evidence and authorities establish that the construction of the North Line did not materially and substantially impair access to the Kosoco property.

The Reply Brief also includes arguments relating to issues that were raised in Kosoco's initial brief and addressed in METRO's Brief of Appellee. As they have already been briefed, this reply does not include further discussion of those issues. The absence of further briefing should not be construed as agreement with the assertions and arguments in the Reply Brief. To the contrary, Kosoco continues to mischaracterize METRO's arguments, the facts of this case as established in the evidence accompanying the Motion, and the authorities to which Kosoco refers.[6]

---

[5] *Id*. 12-17 (presenting no argument or authority relating to access during construction).

[6] *See* Brief of Appellee 4-5, 6-7, 11, 20-22, 27, 30-34.

## ARGUMENT AND AUTHORITIES

### I.  Arguments first raised in a reply brief are waived.

This Court recently noted that "[a]n appellant is not allowed to raise new issues in a reply brief—even in reply to matters addressed in the appellee's response—and issues raised for the first time in a reply brief are waived and need not be considered by the appellate court." *Dailey v. Dailey*, No. 01-13-00923-CV, 2014 WL 4260543, at *1 (Tex. App.–Houston [1st Dist.] Aug. 28, 2014, no pet.); *see also Onyung v. Onyung*, No. 01-10-00519-CV, 2013 WL 3875548, at *21 (Tex. App.–Houston [1st Dist.] July 25, 2013, pet. denied) (declining to consider issues first raised in a reply brief); *Priddy v. Rawson*, 282 S.W.3d 588, 597-98 (Tex. App.–Houston [14th Dist.] 2009, pet. denied) (same).

Kosoco's initial brief did not refer to any evidence or authorities supporting a claim that construction activities materially and substantially impaired access to its property.  It likewise did not present any argument supporting reversal on the basis of impaired access during construction.  The passing references to construction impacts, without supporting evidence, authority, or argument, should not be deemed sufficient to preserve the issue for review.

Kosoco has waived any argument for reversal on the ground that access to its property was impaired during the construction of the North Line.  *See Dailey*, 2014 WL 4260543, at *1.

**II.** **The Reply Brief does not cite any relevant authority or competent evidence supporting the construction impairment argument.**

Kosoco does not cite a single case addressing the proof required to establish a material and substantial impairment of access during the construction of a public improvement project. The only case it references in connection with its argument is *City of Waco v. Texland Corp.*, 446 S.W.2d 1 (Tex. 1969). But *Texland* involved takings claims based on post-construction access; the opinion did not concern or discuss the proof required to establish a taking based on a claim that construction activities impacted the routes by which vehicles could access the claimants' properties. *See id.*

Kosoco's argument is equally lacking in evidentiary support. On page 2 of the Reply Brief, Kosoco cites to the Affidavit of Louis Namgoong as support for the assertion that "Kosoco's business was shut down for days at a time" during construction.[7] Kosoco's reliance on the affidavit is misplaced for several reasons.

First, the affidavit was not presented to the trial court in support of or opposition to METRO's Motion.[8] Kosoco had filed the affidavit in support of its response to a previously filed No-Evidence Motion for Summary Judgment.[9] In

---

[7] Reply Brief of Appellant 2.

[8] *See* CR 5-211.

[9] *See* CR 226-40. METRO passed the hearing on that motion and subsequently deposed Mr. Namgoong in order to investigate the claims in the affidavit. Based on his deposition testimony and other evidence, METRO filed its Motion seeking dismissal for lack of jurisdiction.

responding to the Motion, however, Kosoco did not attach the affidavit as an exhibit, incorporate it by reference, or otherwise rely on it.[10]

Second, the affidavit does not state that Kosoco's business was ever completely shut down, as the Reply Brief implies. Rather, it states: "As a result Kosoco, Inc.'s business was *substantially* shut down for days at a time . . . ."[11] As the deposition testimony of Mr. Namgoong subsequently revealed, even this conclusory assertion was overstated. During his deposition, Mr. Namgoong admitted that (i) Kosoco never closed due to construction activities[12] and (ii) there were always routes by which vehicles could gain access to the property.[13]

In the Argument and Authorities section of the Reply Brief, the only evidence Kosoco cites that is potentially relevant to a construction impairment argument is an excerpt from Mr. Namgoong's deposition, in which he discussed a fuel truck that had entered onto the Kosoco property and damaged a pylon and fence.[14] Mr. Namgoong did not recall the specific date of the incident, and he did not indicate whether it occurred while there were ongoing construction activities

---

[10] *See* CR 182-211.

[11] CR 239 (emphasis added).

[12] CR 39-40 (depo 45-46).

[13] CR 40-42 (depo 49-53, 55-56).

[14] *See* Reply Brief of Appellant at 5.

adjacent to the Kosoco property.[15]  He did testify that the fuel truck was *not* delivering fuel to Kosoco, apparently "had gotten lost," and utilized a driveway that was not the typical point of entry or exit for fuel delivery trucks.[16]  The fact that a single "lost" fuel truck, at some unspecified time, had difficulty maneuvering on the property provides no basis for concluding that access to the property was materially and substantially impaired during the construction of the North Line.

Arguments lacking any legal or evidentiary foundation are waived.  Tex. R. App. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.");  *Priddy*, 282 S.W.3d at 595-96, 598.  As Kosoco's argument is premised on conclusory assertions lacking evidentiary support and precedential foundation, it has been waived and should be disregarded.

**III.   Access to the Kosoco property was *not* materially and substantially impaired during the construction of the North Line.**

A claimant alleging that its property has been "taken" due to an impairment of access must prove that the impairment is ***material and substantial***.  *Cnty. of Bexar v. Santikos*, 144 S.W.3d 455, 460 (Tex. 2004); *State v. Heal*, 917 S.W.2d 6, 9 (Tex. 1996).  With respect to an alleged temporary impairment, the claimant must show that the impairment resulted in a total restriction of access.  *City of*

---

[15] CR 39 (depo 42-43).

[16] CR 38-39 (depo 41-42).

6

*Austin v. Avenue Corp.*, 704 S.W.2d 11, 13 (Tex. 1986). Texas courts have consistently held that routine construction inconveniences, including inconvenient or difficult access, are a normal and expected consequence of public improvement projects, do not constitute material and substantial impairments of access, and are not evidence of a taking. *See State v. Bristol Hotel Asset Co.*, 293 S.W.3d 170, 173 (Tex. 2009); *State v. Schmidt*, 867 S.W.2d 769, 775 (Tex. 1993); *Avenue Corp.*, 704 S.W.2d at 12-13; *Dallas Cnty. v. Crestview Corners Car Wash*, 370 S.W.3d 25, 45-47 (Tex. App.–Dallas 2012, pet. denied).

In *City of Austin v. Avenue Corp.*, the claimant contended that the reconstruction of the sidewalk in front of its business created a partial temporary restriction of access for nine months. The Texas Supreme Court denied compensation, noting that "[t]he inconvenience and damage which a property owner suffers from these temporary obstructions are incident to city life and must be endured." *Avenue Corp.*, 704 S.W.2d at 12; *see also Schmidt*, 867 S.W.2d at 775. More recently, the Dallas Court of Appeals considered whether occasional utility disruptions, construction dust, and blocking of access by construction workers, construction vehicles, and construction materials constitute material and substantial impairments of access. *Crestview Corners Car Wash*, 370 S.W.3d at 45. The court concluded they do not, explaining that such occurrences "fall along

7

the lines of the normal inconvenience from construction activities the supreme court has routinely rejected as recoverable damages." *Id*. at 47.

The Reply Brief does not address these authorities. Instead, it misstates facts, confuses the legal standard for establishing a takings claim, and intertwines alleged construction and post-construction impacts in an effort to cobble together an argument that the construction inconveniences Kosoco experienced rose to the level of a taking.

For example, the Reply Brief states: "Metro does not deny that there were periods of time during construction when some or all of the entrances to Kosoco's business were cut off during periods of construction."[17] To the contrary, METRO has denied and does deny that there was ever an occasion when all of the entrances to Kosoco's business were inaccessible.[18] In fact, Mr. Namgoong admitted that Kosoco was ***never*** denied vehicular access to the Property,[19] and it ***never*** closed its business during construction.[20] Mr. Namgoong also testified that he could not remember one of the driveways ever being obstructed and that the reports Kosoco

---

[17] Reply Brief of Appellant 4 (with no citation to the record for this bald assertion).

[18] *See* CR 18.

[19] CR 40-42 (depo 49-53, 55-56).

[20] CR 39-40 (depo 45-46).

received regarding inconvenient access were from ***customers who had made their way to the property to purchase fuel and other items***.[21]

The Reply Brief also repeatedly asserts that Kosoco has lost half of its business due to the North Line project.[22]  That assertion is based on a passage in Mr. Namgoong's summary judgment affidavit.[23]  Contrary to the suggestion in the Reply Brief, however, the affidavit did not include any information regarding the gross income, net income, or profits of the business.[24]

Even if there were competent evidence of a loss of revenues during construction, the Texas Supreme Court has recognized that a decrease in the profitability of a business is not relevant to the determination of whether access has been materially and substantially impaired.

> If the public authorities could never change a street or highway without paying all persons along such thoroughfares for their loss of business, the cost would be prohibitive.  The highways primarily are for the benefit of the traveling public, and are only incidentally for the benefit of those who are engaged in business along its way.

---

[21] CR 41-42 (depo 53-55).

[22] Reply Brief of Appellant 2-4, 7.

[23] *Id*. 2 n.6.  As noted above, that affidavit was not made a part of the record on METRO's Motion.  *See supra* 4-5.

[24] Although the affidavit did assert that there was a decrease in the gallons of fuel sold between 2009 and "2011 to the present," when Mr. Namgoong was questioned about this passage, he admitted that he did not know how much fuel Kosoco sold in 2012 and 2013.  *See* CR 43 (depo 58-59).  This testimony negated any evidentiary foundation for the suggestion that Kosoco has experienced a post-construction decrease in fuel sales.

*Schmidt*, 867 S.W.2d at 773 (quoting *State Highway Comm'n v. Humphreys*, 58 S.W.2d 144, 145 (Tex. Civ. App.–San Antonio 1933, writ ref'd)); *see also Pennysavers Oil Co. v. State*, 334 S.W.2d 546, 547, 548-49 (Tex. Civ. App.–San Antonio 1960, writ ref'd).

In his deposition, Mr. Namgoong acknowledged that the activities that impacted access to the Kosoco property during the construction of the North Line amounted to "the normal construction process of a project like this."[25]  Such activities may have made access to the Kosoco property more difficult and less convenient, and may even have contributed to a decrease in business during the construction period.  However, such impacts do not constitute a material and substantial impairment of access.  As Mr. Namgoong acknowledged, there were always routes by which it was possible for customers to travel to the property.

## CONCLUSION

Kosoco has waived any argument based on an alleged impairment of access to its property during the construction of the North Line by failing to raise the issue in its initial brief and by failing to provide adequate legal or evidentiary support for the argument.  Accordingly, the Court should disregard the portions of the Reply Brief relating to alleged impacts arising from construction activities.

---

[25] CR 37 (depo 35).

10

Even if the Court does consider the construction impairment argument, the relevant evidence and applicable authorities establish that access to Kosoco's property was not materially and substantially impaired.

The trial court's Order dismissing Kosoco's takings claim should be affirmed.

Respectfully submitted,

By: /s/ Frederick D. Junkin
    Frederick D. Junkin
    State Bar No. 11058030
    *fredjunkin@andrewskurth.com*
    Kathryn K. Ahlrich
    State Bar No. 24063686
    *katieahlrich@andrewskurth.com*
    Andrews Kurth LLP
    600 Travis, Suite 4200
    Houston, Texas 77002
    (713) 220-4200
    (713) 238-7387 (fax)

ATTORNEYS FOR APPELLEE
METROPOLITAN TRANSIT AUTHORITY
OF HARRIS COUNTY, TEXAS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing METRO's Supplemental Brief in Response to the Reply Brief of Appellant was forwarded to all counsel of record by electronic service on this 14th day of January, 2015.

/s/ Frederick D. Junkin
Frederick D. Junkin

## SERVICE LIST

Michael D. Sydow
The Sydow Firm, LLP
5020 Montrose Boulevard, Suite 450
Houston, Texas 77006
*michael.sydow@thesydowfirm.com*

Counsel for Appellant Kosoco, Inc.

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 9.4(i)(3) of the Texas Rules of Appellate Procedure, the undersigned certifies that this brief complies with the word limits of Rule 9.4(i)(2)(B) because, exclusive the parts of the brief exempted by Rule 9.4(i)(1), it contains 2,316 words (and this brief and the Brief of Appellee combined contain a total of 9,452 words).

/s/ Frederick D. Junkin
Frederick D. Junkin

Attorney for Appellee
Metropolitan Transit Authority of
Harris County, Texas

Dated: January 14, 2015