## AMERICAN CONST. CO. v. DAVIS.†

(Court of Civil Appeals of Texas. Austin. Nov. 15, 1911. Rehearing Denied Dec. 20, 1911.)

1. DAMAGES (§ 40*) — ELEMENTS — LOSS OF PROFITS.

Lost profits, proximately caused by wrongful acts, when capable of reasonable ascertainment, are a proper element of damages.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 72–88; Dec. Dig. § 40.*]

2. DAMAGES (§ 40*)—LOSS OF PROFITS.

Alleged profits, which are merely conjectural and incapable of being ascertained with any reasonable degree of certainty, do not afford a proper basis for the recovery of damages.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 72–88; Dec. Dig. § 40.*]

3. MUNICIPAL CORPORATIONS (§ 671*)—OBSTRUCTION OF STREET—ACTION FOR DAMAGES —SPECIAL DAMAGES.

Loss of profits to an established business, occasioned by the unlawful obstruction of a public street, so as to constitute a nuisance is a special loss peculiar to the party thus injured,

even though others similarly situated may suffer a like loss from the same cause.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1447; Dec. Dig. § 671.*]

4. DAMAGES (§ 176*)—EVIDENCE—LOSS OF PROFITS—AMOUNT OF BUSINESS.

In order to show a loss of profits to an established business, it is permissible to show the amount of business done by complainant in a corresponding period of time not too remote, and the business done by complainant during the time of such obstruction.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 471; Dec. Dig. § 176.*]

5. MUNICIPAL CORPORATIONS (§ 671*)—OBSTRUCTION OF STREET—FENCING OFF BUILDING MATERIALS.

Fencing a portion of a public street, for the purpose of protecting building material thereon, without an ordinance of the municipality permitting the erection of such fence, is unlawful even though such building material be lawfully deposited on such street.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 671.*]

6. MUNICIPAL CORPORATIONS (§ 105*)—PROCEEDINGS OF CITY COUNCIL—ORDINANCE.

A resolution of a city council is not an ordinance where the charter prescribing the manner in which ordinances must be passed was not complied with.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 223; Dec. Dig. § 105.*]

7. EVIDENCE (§ 501*)—OPINION EVIDENCE—CONCLUSIONS AND MATTERS OF OPINION.

In many cases it is permissible for a non-expert witness to give his opinion, upon facts stated by him, showing that he is possessed of sufficient information to form an intelligent opinion as to the matter about which he testifies.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2292–2305; Dec. Dig. § 501.*]

8. APPEAL AND ERROR (§ 1052*)—HARMLESS ERROR—ADMISSION OF EVIDENCE.

It is not reversible error to permit a witness to give his opinion upon facts stated by him, where it appears that the jury could not have reasonably come to a different conclusion from such facts.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4171–4177; Dec. Dig. § 1052.*]

9. TRIAL (§ 252*)—INSTRUCTIONS—ABSTRACT INSTRUCTION.

It is not error to refuse to give a charge which is abstractly correct, where there is no evidence upon which to predicate such charge.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 596–612; Dec. Dig. § 252.*]

Appeal from District Court, Travis County; Geo. Calhoun, Judge.

Action by W. B. Davis against the American Construction Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Baker, Botts, Parker & Garwood, for appellant. Gregory, Batts & Brooks, for appellee.

JENKINS, J. This is a companion case to American Construction Co. v. C. D. Caswell, 141 S. W. 1013, this day decided by this court. On the authority of that case, and

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

† Application for writ of error pending before Supreme Court.

the authorities therein cited, we hold as follows:

1. [1] Lost profits, proximately caused by wrongful acts, when capable of reasonable ascertainment, is a proper element of damage.

2. [2] Alleged profits, which are merely conjectural, and incapable of being ascertained with any reasonable degree of certainty, do not afford a proper basis for the recovery of damages. This does not mean that in order to recover for such profits they must be shown with exactness, but only that the amount of such profits may be reasonably deduced from the facts proven.

3. [3] Loss of profits to an established business, occasioned by the unlawful obstruction of a public street, is a special loss peculiar to the party thus injured, even though others similarly situated may suffer a like loss from the same cause.

4. [4] In order to show a loss of profits to an established business it is permissible to show the amount of business done by complainant in a corresponding period of time not too remote, and the business done by complainant during the time of such obstruction.

5. [5] Fencing a portion of a public street, for the purpose of protecting building material thereon, without an ordinance of the municipality permitting the erection of such fence, is unlawful even though such building material be lawfully deposited on such street.

· 6. [6] A resolution of a city council is not an ordinance of such city, where the charter prescribes the manner in which ordinances must be passed, and in passing such resolution the requisites prescribed for passing an ordinance were not complied with.

7. [7] In many cases it is permissible for a nonexpert witness to give his opinion, upon facts stated by him, such facts showing that he is possessed of sufficient information to form an intelligent opinion as to the matter about which he testifies.

8. [8] It is not reversible error to permit a witness to give his opinion upon facts stated by him, where it appears that the jury could not have reasonably come to a different conclusion from such facts.

9. [9] It is not error to refuse to give a charge which is abstractly correct, where there is no evidence upon which to predicate such charge.

Finding no error in the record, the judgment of the trial court herein is affirmed.

Affirmed.