WEINBERG v. GARREN.

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 22, 1913. Rehearing Denied March 29, 1913.)

EVIDENCE (§ 354*)—"ORIGINAL ENTRY"—COPY OF TEMPORARY MEMORANDUM — PRESENT RECOLLECTION.

Permanent entries made from a slate, card, or memorandum book by a person other than the one that made such temporary entries, and oral statements made by the salesman in the evening and entered by such other person, are admissible in evidence as original entries, when supported by suppletory oath, and there need be no present recollection of the correctness of the items entered.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1432–1483; Dec. Dig. § 354.*

For other definitions, see Words and Phrases, vol. 1, p. 841; vol. 8, p. 7592.]

Appeal from Johnson County Court; J. B. Haynes, Judge.

Action by Ben Garren against Frank Weinberg. Judgment for plaintiff, and defendant appeals. Affirmed.

Goldsmith & Warren, of Cleburne, for appellant. W. B. Harrell, of Cleburne, for appellee.

Conclusions.

CONNER, C. J. The single question presented for our determination is whether the court correctly admitted the book of entries offered by appellee supporting his case. We are of opinion that neither of the objections thereto can be sustained. Within the mean-

---

ing of the law, we think that the book was one of original entry. It is not an objection to the competency of the party's book, when supported by suppletory oath, that the entries therein were transcribed from a slate, card, or memorandum book in which they were first entered for a temporary purpose, although the entries on the slate or memorandum were made by a person other than the party who copied them on the book. In such cases, the entry of the charges in the first instance are regarded as memoranda preparatory to permanent evidence of the transactions, and the entry in the regular book of accounts of the party is deemed to be the first and original entry, and as such competent proof with the oath of the party of the charges therein made. See 17 Cyc. 377, par. "cc." Appellee's evidence was to the effect that the entries in the book under consideration were duly entered by a little daughter, and the daughter testified that the entries were correctly made from the slips issued by appellant when the bananas were delivered and from her father's oral statements of the amounts paid to him at the end of the day's service. These entries were evidently the first entries made in an enduring form, and hence, as stated, were original entries within the rule authorizing their admission into evidence. Nor is the fact that part of the entries so made consisted of appellee's oral statements, and that, after having examined the book, he was unable to recall any individual recollection of the transaction, valid objections to the introduction of the book.

Mr. Wigmore on Evidence, vol. 1, § 751, in speaking of memoranda and entries admissible, thus states the rule finally receiving the approbation of the courts, viz.: "If a copy by another person of a statement originally written is receivable, why is not a copy receivable of a statement originally oral? The situation is the same as in the preceding instance, save that the salesman, workman, or foreman, instead of handing the bookkeeper or clerk a written statement of the transaction, makes an oral statement, which is then and there copied as before. Here a salesman will on the stand testify that the statement made by him was an accurate embodiment of his recollection, while the bookkeeper will verify the correctness of his entry, which is none the less in fact a copy, though it reproduces an oral statement. To receive the memorandum supported by the joint testimony of the two is in perfect accord with legal principle, and is certainly demanded by all consideration of mercantile conveniences. This result may now be regarded as generally accepted." The same author, in an exhaustive discussion, makes it clear that, in order to authorize the introduction of the book or memorandum so verified and supported, it

is not necessary that there be a present recollection of the correctness of the items entered. See sections 734, 735, et seq., of the same book.

On the whole, we find no reversible error, and the judgment is affirmed.