EL PASO & SOUTHWESTERN RAILROAD COMPANY v. ROBERT L. LOVICK. .

No. 3338.   Decided February 11, 1920.

(218 S. W., 489.)

**1.—Actions Against Railways—War Powers of Director General.**

General orders No. 18 and No. 18a. issued by the Director-General of Railways of the United States and prescribing where suits against carriers under his control should be brought, was in excess of his power and invalid. being contrary to sec. 10 of the Act of Congress of March 21, 1918, providing that such actions might still be brought and judgments rendered "as now provided by law." A suit brought in the proper forum as so provided could not be abated because its venue was other than that so prescribed by the Director-General.   (Pp. 247-249).

**2.—Same—Continuance—Prejudicing Interests of Government.**

Application for continuance of a suit against a railway during the period of federal control was made under General Order No. 26, by the Director-General of Railways commanding such continuance "upon a showing . . . that the just interests of the government would be prejudiced by a present trial," such prejudice being sought to be shown from the fact that the attendance

of three witnesses from another state engaged in transportation of war materials and troops would be required. Held that, if such order was within the power of the Director-General, the determination of the sufficiency of the showing of prejudice was within the discretion of the trial court, which did not here appear to have been abused by refusal of the continuance. (Pp. 249, 250).

3.—Case Approved.

The rulings of the Court of Civil Appeals in this case on errors assigned upon the charge of the Court (El Paso & S. W. Ry. Co. v. Lovick, 210 S. W., 283) are approved. (P. 250).

Error to the Court of Civil Appeals for the Eighth District, in an appeal from El Paso County.

Lovick sued the Railroad Company for damages for personal injuries and recovered judgment. Defendant appealed and on affirmance (210 S. W., 283) obtained writ of error.

*W. M. Peticolas* and *Del. W. Harrington,* for plaintiff in error.— The Court of Civil Appeals erred in holding that General Order No. 18 ·issued by Director General McAdoo, April 9, 1918, is inconsistent with and contrary to that portion of the Act of Congress which provides: ''Actions at law or suits in equity may be brought by and against such carriers, and judgments rendered as now provided by law.'' General Order No. 18 of the Director General of Railroads under Federal control under the Act of Congress approved March 21, 1918, being ''An Act to provide for the operation of transportation systems while under Federal control, etc.,'' orders that ''all suits against carriers while under Federal control must be brought in the county or district where the plaintiff resides or in the county or district where the cause of action arose.'' The Court of Civil ·Appeals correctly held: ''This court assumes that the Director General was authorized to issue such executive orders as were necessary to carry out the purpose for which possession was taken not inconsistent with the act of Congress.'' But erroneously held: ''In our opinion the orders relied upon (General Orders Nos. 18 and 26) by appellant are inconsistent with and contrary to that portion of the Act of March 21, 1918, which provides: ''Actions at law or suits in equity may be brought by and against such carriers and judgment ˙ rendered as now provided by ˙law.'' Act Congress Aug. 29, 1916, Fed. Stat. Ann. Pam. Supp., Oct., 1916, p. 24; Act Congress approved March 21, 1918, Fed. Stat. Ann. Pam. Supp., January, April, 1918, page 10; Sec. 1, Act of Congress, Apr. 22, 1908, 8 Fed. Stat. Ann., 1208; Order No. 18, Official Bulletin, April 9, 1918, p.. 1; Proclamation of President, Official Bulletin, Dec. 27, 1917, page 1; Proclamation of President, Official Bulletin, April 2, 1918 page 3; McCulloch v. Maryland, 4 Wheaton,

316; Miller v. United States, 78 U. S., 268; Stewart v. Kahn, 78 U. S., 495-506-507; Field v. Clark, 143 U. S., 649; Buttfield v. Stranahan, 192 U. S., 470; Inter Mountain Rate Cases, 234 U. S., 476; First National Bank v. Trust Co., 244 U. S., 416; Selective Draft Law Cases, 245 U. S., 366; Rhodes v. Tatum, 206 S. W., 114.

The Court of Civil Appeals erred in overruling plaintiff in error's motion for continuance based upon General Order No. 26. Same authorities.

*George E. Wallace, A. L Curtis,* and *Winbourn Pearce,* for defendant in error.—Orders Nos. 18, 18a, and 26, promulgated by the Director General of Railroads, were each issued without authority of law, the Director General not being empowered by the Act of Congress of March 21, 1918, or any previous act, to issue and promulgate said orders.

Orders Nos. 18, 18a, and 26, promulgated by the Director General of Railroads, are contrary to the provisions of the Act of Congress of March 21, 1918, and particularly to section 10 thereof, and such orders are therefore prohibited by the said Act of Congress.

Under the provisions of said Act of Congress, and particularly of Section 10 of said Act, the President, directly or through any other agencies upon which he might call, has no power or authority to change or in any manner set aside or suspend the provisions of law relating to the bringing of actions at law or suits in equity in the courts, and has no power or authority to order the abatement or continuance of causes brought in pursuance of the enacted law.

The plaintiff was authorized, by the Act of March 21, 1918, to bring his action at law according to the laws then in force, and General Orders Nos. 18, 18a and 26, of the Director General of Railroads, were not effective to so limit that right as to require that a suit be brought only in the county or district of his residence, or where the cause of action arose, or to require the trial court to abate or continue said cause, when brought as authorized and permitted by and under the law.

A suit filed on the same day of the promulgation of Order No. 18 is filed simultaneously therewith and is therefore not to be governed thereby.

A suit filed by the plaintiff in the district, (the district of the United States Court), of his residence, is in compliance with the provisions of Order No. 18 and 18a requiring that suits be filed in the county or district of the residence of the plaintiff.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

This was an action to recover of plaintiff in error damages for personal injuries, sustained by defendant in error, on October 7, 1917, while in the discharge of his duties to plaintiff in error as

switchman, through the negligence of another switchman. The action was begun by defendant in error in the District Court of El Paso County, Texas, on April 9, 1918.

Defendant in error did not reside at the date of his injury nor at the date of the filing of his suit in El Paso County, Texas, and his cause of action arose in Cochise County, Arizona. On these facts, plaintiff in error sought to have the suit abated, under General Orders Nos. 18 and 18a of the Director General of Railroads. Plaintiff in error also sought to have the suit continued for the period of federal railroad control, under General Order No. 26 of the Director General of Railroads, on the ground that it would be necessary to bring two switchmen and an engineer, engaged in the service of plaintiff in error in hauling war materials, munitions, supplies and troops, at and near Cochise County, Arizona, to El Paso County, Texas, to testify as witnesses on the trial, which would prejudice the just interests of the Government. The trial court refused to abate or continue the suit, and such refusal was sustained on appeal.

The Court of Civil Appeals determined that the orders of the Director General of Railroads, relied on by plaintiff in error, were invalid, because in conflict with the Act of Congress of March 21, 1918. El Paso & S. W. Ry. Co. v. Lovick, 210 S. W., 283. The Court of Civil Appeals of the Seventh Supreme Judicial District decided that the Director General's orders were valid, being in accordance with the Act of Congress. Rhodes v. Tatum, 206 S. W., 114. The writ of error was granted to settle the conflict between these two decisions.

By section 10, of the Act of March 21, 1918, C. 25, Fed. Stat. Ann., 1918 Supp., p. 762 it is provided:

"That carriers while under Federal control shall be subject to all laws and liabilities as common carriers, whether arising under State or Federal laws or at common law, except in so far as may be inconsistent with the provisions of this Act or any other Act applicable to such Federal control or with any order of the President. Actions at law or suits in equity may be brought by and against such carriers and judgments rendered as now provided by law; and in any action at law or suit in equity against the carrier, no defense shall be made thereto upon the ground that the carrier is an instrumentality or agency of the Federal Government. Nor shall any such carrier be entitled to have transferred to a Federal court any action heretofore or hereafter instituted by or against it, which action was not so transferable prior to the Federal control of such carrier; and any action which has heretofore been so transferred because of such Federal control or of any Act of Congress or official order or proclamation relating thereto shall upon motion of either party be retransferred to the court in which it was originally instituted.

But no process, mesne or final, shall be levied against any property under such Federal control.''

On April 9, 1918, the Director General issued General Order No. 18, to the effect that all suits against carriers while under federal control must be brought in the county or district where the plaintiff resides or in the county or district where the cause of action arose. On April 18, 1918 the Director General issued General Order No. 18a, and thereby he amended General Order No. 18 so as to direct that all suits against carriers while under federal control must be brought in the county or district where the plaintiff resided at the time of the accrual of the cause of action or in the county or district where the cause of action arose. On May 23, 1918, the Director General issued General Order No. 26, whereby it was ordered that any suit against any carrier under federal control, which suit was covered by General Order No. 18 and was pending in any county or district other than where the cause of action arose or other than where the person alleged to have been injured or damaged at that time resided, should not be tried during the period of federal control, upon a showing by the defendant carrier that the just interests of the government would be prejudiced by a present trial. The order further provided that in the event of unnecessary hardship in any case, either party could apply to the Director General for relief, and that General Order No. 26 was not intended in any way to impair or affect General Order No. 18 as amended by General Order No. 18a.

On the date of the enactment of the Act of Congress, the law authorized the institution and maintenance of this suit in the District Court of El Paso County, Texas. Under these circumstances, Congress expressly authorized the commencement and prosecution of this suit in that court, when it enacted that ''Actions at law . . . may be brought . . . against such carriers and judgments rendered as now provided by law.'' To avoid any substantial interference, as the result of the above clause, with the complete possession and control of the railroads by the United States, for which the Act provided, the Congress added: ''But no process, mesne or final, shall be levied against any property under such federal control.''

The United States Circuit Court of Appeals for the Fifth Circuit declared the effect of the part of section 10 under consideration in this language: ''Its effect is to limit the interference of government control in the prosecution of suits against carriers, whether at law or in equity, to the enforcement of the judgment or decree and not to interfere with the right of the plaintiff to obtain a judgment or decree against the carriers. It permits actions at law or in equity to be brought against the carriers, and judgments to be rendered as now provided by law and prohibits the carrier from de-

fending upon the ground that it is an instrumentality or agency of the federal government. It provides, however, that the judgment or decree, when obtained, shall not be enforced, as against the property in federal control, by process, mesne or final.'' Postal Telegraph-Cable Co. v. Call, 255 Fed. Rep., 851, 167 C. C. A., 179. See also Haubert v. B. & O. Ry. Co., 259 Fed. Rep., 363.

The statute was given the same interpretation by the Court of Appeals of Kentucky, when it concluded: ''Obviously, the effect of the foregoing provisions of the statute is to entirely suspend the right of issuing and levying executions, attachments, or other like process against the property of common carriers under federal control, during the continuance of such control; but it does not prevent a litigant from bringing his action against the latter *in any court of competent jurisdiction,* or such court from granting him such relief in the form of a judgment or otherwise, short of the coercive payment or satisfaction of such judgment by the levy of an execution or other like process upon or against any property of the carrier, as the litigant might but for the passage of the act, under the laws of the State of his residence, have been entitled to. In other words, he may, notwithstanding the act, bring his action and obtain judgment against the carrier; but he cannot enforce against the latter the satisfaction of the judgment, when obtained, by execution or similar process. The object of the act of Congress and of the President's proclamation referred to is to prevent, except as allowed by the director general of the railroad under the control of the government, the seizure or sale of its property, which, if allowed, would interfere with the government's use of such property as required in its efforts to bring the war to a successful issue'' Louisville & N. R. Co. v. Steel, 180 Ky., 290, 202 S. W., 879.

In Moore & Co. v. Atchison T. & S. F. Ry. Co., 106 Misc., 58, 174 N. Y. Supp., 63, it was held that ''once a liability arises, it may by express command of the statute be prosecuted in the same manner as it could have been had the statute not been enacted.''

In so far as the terms of General Orders 18 and 18a undertook to restrict the right granted by Congress to maintain a suit in any court of competent jurisdiction, they cannot be upheld, and hence there was no error in refusing to abate this suit.

General Order No. 26 makes the continuance for the period of federal control of a cause, which comes within its operation, dependent ''upon a showing . . . that the just interests of the government would be prejudiced by a present trial.'' Should we assume that the Director General was clothed with the power to make this order, still the trial court had to exercise discretion in determining the sufficiency of the showing of prejudice to the just interests of the government, and, we cannot say that there was any

abuse of the court's discretion in refusing the application to continue this cause.  Harnick v. Pennsylvania R. Co., 254 Fed., 748; Cocker v. New York O. & W. Ry. Co., 253 Fed., 679.

We concur in the conclusion of the Court of Civil Appeals that no error is shown in the charges given and refused, of which complaint is here made.

It is ordered that the judgments of the District Court and of the Court of Civil Appeals be affirmed.

*Affirmed.*

Writ of error in this case was granted by the Supreme Court of the United States, on March 30, 1920, and the case is pending in that court.