HINES, Director General of Railroads, et al. v. KELLY. (No. 2283.)

(Court of Civil Appeals of Texas. Texarkana. May 13, 1920.)

1. Railroads ⚖⇒5½, New, Vol. 6A Key-No. Series—Federal Director General's order fixing venue of personal injury suits invalid.

So much of General Orders Nos. 18 and 18a issued by the federal Director General of Railroads in 1918, as undertook to fix the venue of personal injury suits against the Director General, was invalid.

2. Appeal and error ⚖⇒1060(1). — Refusal to permit reading of answer to jury harmless, unless jury not permitted to read pleadings after retirement.

In absence of contention and proof showing jury were not permitted to read and consider all of defendant's pleadings after retirement, reversible error in the action of the trial court in refusing to permit defendants to read certain paragraphs of their answer to the jury is not shown.

Appeal from District Court, Harrison County; P. O. Beard, Judge.

Suit by W. G. Kelly against Walker D. Hines, Director General of Railroads, and another. From a judgment for plaintiff, defendants appeal. Affirmed.

F. H. Prendergast, of Marshall, for appellants.

Jones, Sexton, Casey & Jones, of Marshall, for appellee.

HODGES, J. The appellee sued the Director General, Walker D. Hines, and Pearl Wight, receiver of the Texas & Pacific Railway Company, for damages resulting from injuries received by him while an employé in the railway service. The injury was caused by a collision between a motorcar and a handcar on which the appellee was riding. He was caused to fall backward and sustain injuries to his shoulders, back, neck, and other portions of the body. Appellee recovered a judgment against the appellants for the sum of $5,000.

[1] The facts show that the appellee was injured in April, 1919, at Reisor, in the State of Louisiana, and that he resided at Reisor

at the time of the injury. The suit was filed in the district court of Harrison county, Tex. The appellants presented in the trial court a motion to dismiss the suit because of the facts above stated. They offered in evidence, and here refer to, general orders No. 18 and No. 18a, issued by the Director General of Railroads in 1918. The latter contains the following requirement:

"It is therefore ordered that all suits against carriers while under federal control must be brought in the county or district where the plaintiff resided at the time of the accrual of the cause of action, or in the county or district where the cause of action arose."

The court overruled the motion, and the case was tried upon its merits. No effort was made by the appellants to continue or postpone the trial, nor is there anything in the record to indicate that all of the witnesses needed did not appear and testify. In the case of El Paso & S. W. Ry. Co. v. Lovick, 218 S. W. 489, our Supreme Court held that so much of the orders of the Director General as undertook to fix the venue of suits of this character was invalid. That decision supports the action of the trial court in overruling the motion to dismiss the case.

[2] No reversible error is shown in the action of the court in refusing to permit the appellants to read to the jury certain paragraphs of their answer. It is not contended that the jury were not permitted to read and consider all of appellants' pleadings after their retirement; nor is it insisted that appellants were deprived of any particular defense by reason of the action of the court.

The judgment is affirmed.

---

⬡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes