## TEXAS ELECTRIC RY. v. JONES. (No. 66.)

(Court of Civil Appeals of Texas. Waco. March 20, 1924. Rehearing Denied April 24, 1924.)

**1. Negligence ⬤➡65—Charge defining contributory negligence held without error.**

Charge in personal injury action defining contributory negligence to be an act or omission of plaintiff which an ordinarily prudent person would not have done or failed to do under same or similar circumstances, and which either alone or concurring with defendant's negligence became proximate cause of injury, held not incorrect.

**2. Appeal and error ⬤➡1068(5)—Failure to submit issue of contributory negligence held harmless.**

Where jury, in response to submitted issues, found that plaintiff was not negligent, failure to submit instruction under Vernon's Sayles' Ann. Civ. St. 1914, art. 6649, on diminution of damages in proportion to plaintiff's contributory negligence was harmless.

**3. Appeal and error ⬤➡218(2)—Error predicated on failure to submit issue not considered in absence of request therefor.**

In view of Vernon's Sayles' Ann. Civ. St. 1914, art. 1971, where no request was made for submission of issue of diminution of damages because of contributory negligence, error assigned to court's failure to submit cannot be considered.

**4. Trial ⬤➡352(5)—Special issue held not objectionable as submitting two questions.**

Where plaintiff alleged as cause of injury that, while he was undertaking to get on motor car, defendant's foreman negligently applied gas, and caused sudden jerk forward, which threw him under wheel, and case was tried on that theory, special issue as to whether defendant's foreman, while plaintiff was undertaking to get on motor car, applied gas thereto and caused it to give sudden jerk forward was not submission of two questions.

**5. Trial ⬤➡352(5)—Each issue submitted separately.**

In view of Vernon's Sayles' Ann. Civ. St. 1914, art. 1984a, two separate and distinct issues cannot be submitted in one question, but each issue should be submitted separately.

**6. Trial ⬤➡350(8)—Refusal to submit defendant's issue not relied on by plaintiff not error.**

Where only issue of negligence relied on was whether foreman negligently applied gas to motor car and caused it to give sudden jerk forward, there was no error in refusal to submit defendant's special issue as to whether motor which was in foreman's charge was running at time of injury.

**7. Master and servant ⬤➡286(30)—Negligence in operating motor car held for jury.**

Defendant's liability under allegation that foreman negligently applied gas to motor car and caused it to give sudden jerk forward, thereby injuring plaintiff, held for jury.

**8. Damages ⬤➡130(2)—$2,500 for injuries held not excessive.**

$2,500 for injuries to ankle and leg of section man held not excessive.

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Action by P. J. Jones against the Texas Electric Railway. Judgment for plaintiff, and defendant appeals. Affirmed.

Wear, Wood & Wear, of Hillsboro, for appellant.

Morrow & Stollenwerck, of Hillsboro, for appellee.

BARCUS, J. This is the third appeal of this cause. See 210 S. W. 749, 231 S. W. 823, and (Tex. Com. App.) 243 S. W. 980. Appellee in substance alleged that, while working for appellant as a section hand under one Gibson as foreman, said foreman ordered him and other employees to push a motor car along the track for the purpose of causing the gasoline to ignite and start the engine to propel it; that after the engine started it was then his duty to jump onto said car; that the motor car had no handholds on same, and when he attempted to jump on the car the said foreman, who was operating and controlling the same, negligently applied the gas, and caused said car to give a sudden jerk forward, which caused him to be thrown under the front of the car; and that the car ran over him, thereby injuring his ankle and leg. The appellee answered by general denial, assumed risk, and contributory negligence. The appellee's testimony supported his theory of how the injury occurred. The testimony offered by appellant supported its defense as pleaded. Reference is here made to the former opinions for a fuller statement of the pleadings and testimony; they being the same in substance on this as on the former trials.

---

⬤➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The last trial resulted in a judgment for appellee for $2,500, and it is from same this appeal is perfected.

[1] Appellant's first contention is that the court committed error in its definition of contributory negligence, which was as follows:

"Contributory negligence, as that term is used in this charge, is an act or omission on the part of the plaintiff which an ordinarily prudent person would not have done or failed to do under the same or similar circumstances, and which either alone or concurring with negligence of the defendant became the proximate cause of the injury, if any."

The only objection appellant made to said definition in the trial court was because same was not the correct legal definition of contributory negligence. The definition as given by the court is practically the same as that given by the court in Sears v. T. & N. O. Ry. Co. (Tex. Civ. App.) 247 S. W. 602, and, while said definition might have been couched in different language, we cannot say that same is an incorrect definition. Appellant not having pointed out any definite objection to said definition in the trial court showing wherein same was incorrect, the assignment will be overruled. T. & N. O. Ry. Co. v. Petersilka (Tex. Civ. App.) 176 S. W. 70; El Paso & S. W. R. Co. v. Lovick (Tex. Civ. App.) 210 S. W. 283, affirmed by the Supreme Court, 110 Tex. 244, 218 S. W. 489.

[2, 3] Appellant suggests fundamental error because the court did not, as provided by article 6649 of the Revised Statutes, charge the jury in effect that contributory negligence on the part of plaintiff would not bar a recovery, but the damages should be diminished by the jury in proportion to the amount of negligence attributable to plaintiff. No request was made by appellant for this issue to be submitted. The jury in response to issues that were submitted by the court found that the plaintiff was not negligent, and the failure to submit said issue, if error, becomes harmless by reason thereof. The assignment, however, cannot be properly considered because no request was made in the trial court for the submission of said issue. Article 1971, Revised Statutes; Denman v. Pyle (Tex. Civ. App.) 210 S. W. 335; St. L. & S. W. Ry. Co. v. Wadsack (Tex. Civ. App.) 166 S. W. 42; Gulf, Texas & West Ry. Co. v. Dickey, 108 Tex. 126, 187 S. W. 184; Heidenheimer-Strassburger & Co. v. H. & T. C. Ry. Co. (Tex. Civ. App.) 197 S. W. 886.

[4] Appellant complains of the submission by the court of the following special issue:

"Did or not A. C. Gibson, as the plaintiff's foreman, while they were both in the employ of the defendant, and while the plaintiff was undertaking to get on the motor car, apply the gas thereto and cause same to give a sudden jerk forward?"

[5] The objection being that it contains two separate propositions, to wit: (a) The question as to whether the gas was applied to the engine; and (b) as to whether the car gave a sudden jerk forward. This, in our opinion, is not a valid objection or criticism of said charge. Appellee in his pleading alleged as the ground of negligence that he was injured by reason of the fact that, while he was undertaking to get on the motor car, A. C. Gibson, as the agent of appellant, negligently applied the gas to the motor car, and caused the motor car to give a sudden jerk forward, which threw him under the wheel of the car and caused the injury to his leg. The question as asked is not in the disjunctive but in the conjunctive, and before the jury were authorized to find for the plaintiff under the issue as submitted they were compelled to find that the gas was applied by Gibson, and that it caused the car to give a sudden jerk forward. In the case of Pullman Company v. McGowan (Tex. Civ. App.) 210 S. W. 842, it was held that a special issue was not duplicitous which asked the jury whether a berth was requested by McGowwan and refused by appellant. In the case of San Antonio & A. P. Ry. Co. v. Stuart (Tex. Civ. App.) 178 S. W. 17, it was held that a special issue was not duplicitous which asked the jury whether the plaintiff was knocked down and run over and injured by the wheels of the car. The question as submitted in this case was as favorable to appellant as it could ask. It required the jury to find not only that gas was applied by Gibson, but that the giving of the gas caused the car to give a sudden jerk forward. The issue was pleaded in that language by appellee, and the cause was tried by the parties on the theory that the only negligence of appellant complained of was that its servant Gibson did apply the gas to the motor car in such a manner as to cause it to give a sudden jerk forward, which caused the injury, and it took an answer to the question as presented to form a basis for a verdict. It is a well-settled principle of law that the court cannot submit two separate and distinct issues in one question, but each issue should be submitted to the jury separately. Article 1984a, Revised Statutes; Gulf, Colorado & S. F. Ry. Co. v. Hines (Tex. Civ. App.) 239 S. W. 244; Radford Grocery Co. v. Jamison (Tex. Civ. App.) 221 S. W. 998; Interstate Casualty Co. v. Hogan (Tex. Civ. App.) 232 S. W. 354. In the instant case the special issue does not embrace two separate issues, but one issue, and is well illustrated by the question as to whether a berth was requested and refused as decided in the Pullman Company v. McGowan Case, supra.

[6] Appellant assigns error because the court failed to submit the following special issue requested by it:

"Was the engine on the defendant's motor car which was in charge of section foreman A. C. Gibson running at the time the plaintiff was injured?"

The court submitted question No. 2 above quoted as to whether Gibson applied the gas to the car and caused it to give a sudden jerk forward, and submitted the question as to appellee's negligence; and at appellant's request submitted this question:

"If the motor on the defendant's hand car was running at the time of the accident, was the car being propelled by the power furnished by the motor?"

—to which the jury answered, "Yes." The only issue of negligence that was alleged or relied upon by the appellee was that Gibson, the servant of appellant, negligently applied the gas to the motor car, and caused it to give a sudden jerk forward. The refusal of the court to submit the above issue in this case was not error.

[7, 8] The remaining assignments briefed by appellant raise the question of the sufficiency of the testimony to support the answers made by the jury to the special issues submitted. The evidence as to how the appellee was injured and the nature and duration thereof were questions that were sharply contested. The injury occurred in May, 1917, and the last trial was in April, 1923. The testimony tends to show that appellee was still suffering from the effects of said injury. The question of appellant's liability and the amount of damages appellee was entitled to recover were questions of fact for the jury. The evidence sustains the findings of the jury. We cannot say the judgment is excessive. We have examined all of the assignments of error, and do not think any of them show reversible error.

The judgment of the trial court is affirmed.