## JOY v. FAKES FURNITURE & CARPET CO.
### (No. 369.)*

(Court of Civil Appeals of Texas. Waco. May 27, 1926. Rehearing Denied July 1, 1926.)

### 1. Continuance ⚖➡26(11).

Motion for continuance to obtain evidence to disprove testimony in deposition, which had been on file several weeks, with no effort to take deposition of witness to disprove it, *held* properly refused, especially when not sworn to as required by Rev. St. 1925, art. 2167.

### 2. Appeal and error ⚖➡1043(7).

Any error in overruling motion for continuance to procure evidence was harmless, where court found facts which were to be proven by evidence.

### 3. Husband and wife ⚖➡23½.

Where husband did not repudiate acts of wife in refurnishing his home or make any effort to restore goods on learning of their purchase, he is obligated therefor.

### 4. Evidence ⚖➡376(9).

Credit manager, having general charge of books of account, entries of which were made under his supervision, *held* properly permitted to testify to correctness of account, and account was properly admitted.

### 5. Appeal and error ⚖➡1051(3).

In suit against husband for furniture sold ·to wife, any error in admitting testimony concerning correctness of account was harmless, where wife testified account was correct.

Appeal from District Court, Kaufman County; Joel R. Bond, Judge.

Suit by the Fakes Furniture & Carpet Company against M. A. Joy. Judgment for plaintiff, and defendant appeals. Affirmed.

Thos. R. Bond, of Terrell, for appellant.
Allen & Allen, of Dallas, for appellee.

BARCUS, J. This suit was instituted by appellee, seeking judgment for $6,981.75 on a verified account for household furniture which appellee sold to Mrs. M. A. Joy, wife of appellant. The cause was tried to the court, and resulted in a judgment for appellee for the amount sued for. ·

The controlling question in this case is whether appellant is bound by the acts of his wife in purchasing said bill of furniture. This suit was filed in Dallas county in December, 1924, and was, on plea of privilege, transferred to Kaufman county and tried in March, 1925. Appellant originally filed a general demurrer and general denial to the petition. In his amended answer he denied under oath the justness of the account, and denied that his wife was his agent, or that she was authorized to, or had any authority to, buy the furniture. He alleged that, so far as he was concerned, appellee was at liberty to go and get the furniture.

The trial court filed findings of fact and conclusions of law, and found that appellant and his wife had been married for more than 30 years, and were still living together as husband and wife; that he owned a home in Terrell, ' which had been for a number of years occupied by himself and his wife; that appellant was engaged in business at a number of places in Texas, and only spent a small portion of his time at his home in Terrell; that about January 1, 1923, appellant and his wife made an agreement between themselves whereby appellant was to pay his wife $300 a month for her maintenance, support, and pleasure, and out of which she was to pay all household expenses, and was not to incur any debts against her husband. The court found that the furniture in question was purchased by Mrs. Joy without the knowledge, consent, or authority of appellant, her husband, and that the furniture was placed in his home at Terrell. The court further found that appellant, the latter part of August, 1924, went to his home, and spent one or two days there, and saw some of the furniture and household furnishings there, and that during September, October, ' November, and December he was at home only three times, spending only one or two nights each trip; that he saw his wife on one or two of said occasions; and that the purchase of the furniture was not discussed. The court found that appellant was informed by his daughter-in-law about the latter part of August, 1924, that his wife had purchased the furniture, but was not told from whom it had been purchased, and that appellant did not know until the 23d day of October, 1924, the amount of the purchases, nor that the same had been charged to his account, he having learned said facts on that date by a letter which he received from appellee. The court found that the furnishings were not, under the circumstances, necessaries. The court found that appellant, after he learned his wife had purchased the furniture, and had same delivered at his home, had done nothing towards repudiating the contract, and had taken no steps to return the furniture. The court concluded as a matter of law that appellant, having failed to return the goods after discovering his wife had purchased same, had thereby ratified and approved the purchases so made by his wife, and was bound and obligated to pay for same.

[1, 2] Appellant assigns error to the action of the trial court in overruling his first application for a continuance. The motion was not sworn to as required by article 2167 of the Revised Statutes. We have examined said motion, however, and do not think the court erred in overruling same, since the only evidence appellant claimed he could obtain by the continuance was to disprove the testimony of his wife, which had been on

file for several weeks, having been taken by depositions, and no effort had been made to take the deposition of the witness which appellant claims lived in Dallas. I. & G. N. R. R. Co. v. Jones (Tex. Civ. App.) 175 S. W. 488. If it could be said there was error in the court's action in overruling the motion for continuance, the record shows same is harmless, because the court found that appellant did not authorize his wife to purchase the furniture, and that was the only fact appellant alleged he hoped to prove by the absent witness.

[3] Appellant further contends by several assignments that he is not obligated to pay the bill for furniture, because same was not for necessaries, and because his wife was not authorized to buy same, and because of the failure on the part of appellee to make inquiry with reference to his wife's authority to purchase said furniture before same was sold to her and delivered at his home. We overrule these assignments. The record shows that appellant is worth more than $300,000 and his wife testified the furniture was used to refurnish appellant's home. The trial court found, and the finding is supported by the testimony, that appellant did not repudiate the acts of his wife in purchasing the goods when he found that same had been purchased, and that he did not make any effort to restore the goods to appellee. In Walling v. Hannig, 73 Tex. 580, 11 S. W. 547, the Supreme Court, speaking through Judge Stayton, said:

"When a husband is living in the same house with his wife he is liable to any extent for goods which he permits her to receive there. She is considered as his agent and the law implies a promise on his part to pay the value. If they are not cohabiting, then he is in general only liable for such necessaries as from his situation in life it is his duty to supply her. But even when they are parted, if the husband has any control over goods improvidentially ordered by the wife so as to have it in his power to return them to the vendor, and he does not return them or cause them to be returned, he adopts her act and renders himself answerable."

This opinion has been followed in McKee v. Popular Dry Goods Co. (Tex. Civ. App.) 240 S. W. 567; Hamilton v. Peck (Tex. Civ. App.) 38 S. W. 403; Wright v. Couch (Tex. Civ. App.) 113 S. W. 321.

[4, 5] Appellant complains of the action of the trial court in permitting the witness J. O. Yeargan to testify to the correctness of the account sued on by appellee, and also to the action of the court in permitting the ledger account, as testified to by Yeargan, and as shown by appellee's books against appellant, to be offered in evidence. We do not think there was any error in the court's action in admitting this testimony. The witness testified that the books and accounts were kept under his general supervision;

that he was the credit manager of appellee, and as such had general charge of the books of account, and that he of his own knowledge knew that said account was correct; that, while he did not make each individual entry, the entries were made under his supervision. Heid Bros., Inc., v. Commercial Nat. Bank (Tex. Com. App.) 240 S. W. 908, 24 A. L. R. 904; Dunman v. South Texas Lumber Co. (Tex. Civ. App.) 252 S. W. 274 If it could be said there was error in the court's admitting said testimony, it was harmless error, because Mrs. Joy, the wife of appellant, testified that the account was correct, and that she had purchased and received all of the goods shown by said account.

We have examined all of appellant's assignments of error, and same are overruled. The judgment of the trial court is affirmed.