## MacFADDEN PUBLICATIONS, Inc., v. WILSON.

### No. 3743.

Court of Civil Appeals of Texas. El Paso.
Sept. 29, 1938.

Rehearing Denied Oct. 20, 1938.

Muse & Muse, of Dallas, and Samuels, Foster, Brown & McGee, of Fort Worth, and Hays, St. John, Abramson & Schulman, of New York City, for appellant.

Aldredge, Shults & Madden, of Dallas, for appellee.

HIGGINS, Justice (after stating the case as above).

■ Complaint is made of that portion of the first paragraph of the charge in which the jury was instructed to answer the issues "from a preponderance of the evidence, that is, the greater weight and degree of credible testimony before you."

Such an instruction has been condemned by the Supreme Court (Texas Emp. Ins. Co. v. Lemons, 125 Tex. 373, 83 S.W.2d 658, 659) and in various rulings by the Courts of Civil Appeals which need not be cited. But here each issue submitted was so ᐧframed as to clearly indicate "its own burden of proof." The jury could not have been misled or confused by the preliminary instruction regarding the burden of proof and the error complained of is harmless. Miller v. Wyrick, Tex.Civ.App., 96 S.W.2d 253; International-G. N. Ry. Co. v. Lowry, Tex. Civ.App., 98 S.W.2d 383.

■ The definition given of libel is in accordance with the statute and correct. Art. 5430, R.S. Furthermore, the definition as given is the same as contained in defendant's requested charge, which was given and which reads: "For your guidance in answering the special issues hereinafter submitted to you, you are told that Art. 5430 of the Texas Statutes defines libel as follows: 'A libel is a defamation expressed in printing or writing * * * tending to injure the reputation of one who is alive, and thereby expose him to public hatred, contempt or ridicule, * * * or to impeach the honesty, integrity, or virtue, or reputation of any one, * * * and thereby expose such person to public hatred [or] ridicule.'"

Appellant cannot complain that the court in its general charge adopted the same definition. Texas & P. Ry. Co. v. Gibson, Tex. Com.App., 288 S.W. 823.

■■ Assignments four, six and seven complain of Issue No. One. It is first criticised as submitting a mixed question of law and fact. Such criticism is not well taken. But if it be objectionable in that respect, such objection was not made in the court below and was therefore waived. Art. 2185, R.S. It is next criticised as being multifarious. We do not so regard it. It was a proper grouping of the evidentiary facts entering into the main ultimate issue. Texas City Transportation Co. v. Winters, Tex.Com.App., 222 S.W. 541; Watson Co. v. Lone Star Service Station, Tex.Civ.App., 16 S.W.2d 151; Luling Oil & Gas Co. v. Edwards, Tex.Civ.App., 32 S.W.2d 921; Missouri Pacific Ry. Co. v. Guillory, Tex.Civ. App., 28 S.W.2d 282, 283; Security Union Ins. Co. v. Guthrie, Tex.Civ.App., 41 S.W. 2d 315.

■ It is further asserted that, having defined libel in a preceding paragraph of the charge, it was the duty of the court in the submission of Special Issue No. One to charge that in determining whether or not the term "blonde hussy" was an impeachment of virtue or reputation, the jury, in reaching a decision and in answering the question, should be guided by the definition as given in the charge. Such instruction was, in effect, given in that portion of the

charge which reads, "the law you will receive from the court, which is herein given you and be governed thereby." Furthermore, no such objection to the charge was made in the court below. Nor is any such error assigned in the motion for new trial. It was therefore waived. Art. 2185, R.S.; Court of Civil Appeals Rule 24; District Court Rule 101-A; Stillman v. Hirsch, 128 Tex. 359, 99 S.W.2d 270.

Assignments eight, nine and ten complain of Issue No. Two upon various grounds, none of which have any merit and call for no discussion.

Assignment thirteen complains of Issue No. Three, in that the burden of proof was therein improperly placed upon the defendant. No exception to Issue Three was taken in the court either by objection to the charge or in the motion for new trial. The objection now urged was therefore waived. See authorities supra.

Error is assigned to the argument of plaintiffs as shown in the statement made above. This argument is not inflammatory. It was merely a far-fetched conclusion of counsel, and the court instructed the jury to disregard it. The matter presents no reversible error. Rio Grande, E. P. & S. F. Ry. Co. v. Dupree, Tex.Com.App., 55 S.W. 2d 522; Wells v. Henderson, Tex.Civ.App., 78 S.W.2d 683.

Assignments nineteen to thirty-three, inclusive, complain of rulings upon evidence. They are regarded as without merit and call for no discussion.

Affirmed.